IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23CV370

| | | |
|---|---|---|
| Tomika Jones, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Fagus Grecon, Inc., | ) | |
|     Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant's renewed Motion to Dismiss for insufficient service of process and lack of personal jurisdiction, filed December 14, 2023. On November 9, 2023, the Court entered an Order directing the pro se Plaintiff to properly serve the Defendant with a copy of the Summons and Complaint within 30 days. On December 6, 2023, Plaintiff filed an Affidavit of Service showing that she served the Complaint, Summons, and Notice of Right to Sue on Defendant's attorneys, but not on the Defendant Fagus Grecon, Inc.

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that service on a corporation is made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . .." or by following the state law rules for effecting service. Courts have routinely held that service upon an attorney for a party does not constitute effective service of process because "[t]he mere relationship between a defendant and his attorney does not, in itself, convey authority to accept service…. Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." *Brown v. Blue Cross and Blue Shield of N.C.*, 226 F.R.D. 526, 528, n.4 (M.D.N.C. 2004) (citing *U.S. v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). Here, there is no such evidence in

the record, and Defendant's counsel has represented that Strianese Huckert LLP and Tamara Huckert are not authorized to accept service of process for Defendant. Accordingly, Plaintiff has failed to properly serve the Defendant as directed by the Court.

Given Plaintiff's pro se status, however, the Court will allow her more latitude to correct defects in service of process. "The Fourth Circuit has long held the tendency toward leniency is particularly strong in cases where the defendant has either received actual notice of the pendency of the action, or is unable to demonstrate any prejudice from a delay in service." *Crespo v. Mortg. Elec. Registration Sys., Inc.*, No. 1:16-cv-00043, 2017 WL 1190381, at * 4 (W.D.N.C. Mar. 29, 2017) (citing *Karlsson v. Rabinowitz*, 318 F.2d 666, 688–69 (4th Cir. 1963)). Here, Defendant has in fact received actual notice of this lawsuit and cannot demonstrate any prejudice resulting from this technical insufficiency of service of process. Therefore, the Court will allow Plaintiff one *last* opportunity to properly serve the Defendant.

IT IS THEREFORE ORDERED that Defendant's renewed Motion to Dismiss for insufficient service of process and lack of personal jurisdiction is denied without prejudice, and Plaintiff is hereby directed to properly serve the summons and complaint upon the Defendant within thirty (30) days.

Signed: January 11, 2024

Graham C. Mullen
United States District Judge